UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN A. MASON, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 2:24-cv-00643-BAT <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff Susan A. Mason seeks leave to amend her original Complaint to add claims for violation of Washington's Insurance Fair Conduct Act (IFCA). Dkt. 19; Dkt. 20, Declaration of T. Jeffrey Keane; Ex. 1 (proposed First Amended Complaint). Defendant American Family Connect Property and Casualty Insurance Company opposes the motion on the grounds that Plaintiff's IFCA Notice was untimely and is moot. Dkt. 21; Dkt. 22 (Declaration of Jessica A. McGarvie). Plaintiff filed a reply. Dkt. 23; Dkt. 24 (Declaration of Donna M. Pucel). Having considered the submissions and remaining record, the Court GRANTS the motion.

BACKGROUND

On April 8, 2024, Plaintiff filed a Complaint for Breach of Contract and Washington Consumer Protection Act (CPA) claims against Defendant, her automobile insurance company, in King County Superior Court. Dkt. 1-2. Plaintiff's claims against Defendant stem from injuries and damages she suffered in an automobile accident on July 21, 2021. Dkt. 1-2, ¶¶ 3.1-3.2. Defendant was served with the Complaint on April 17, 2024. Dkt. 22, McGarvie Decl., Ex. A.

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT - 1

1  Plaintiff alleges her injuries and damages substantially exceed the combined limits of the
2  tortfeasor's policy and Plaintiff's UIM policy; Defendant wrongfully denied her policy limit
3  demand despite documentation of harm and inadequate compensation received; and Defendant
4  wrongfully failed to investigate, adjust, and pay her UIM claim. Dkt. 1-2, ¶¶ 3.0 - 4.2.1.
5      On May 8, 2024, Defendant removed the state court action to this Court. Dkt. 1. On May
6  22, 2024, Plaintiff sent an IFCA notice to the Washington State Insurance Commissioner and to
7  Defendant. Dkt. 24, Decl. of Pucel, Ex. F. The IFCA notice was received by the Insurance
8  Commissioner on May 30, 2024, and by Defendant on June 3, 2024. *Id.*, Ex. G. On June 6, 2024,
9  Plaintiff filed a Motion for Remand (Dkt. 9), which was denied on July 5, 2024. Dkt. 14. On
10 August 22, 2024, Plaintiff filed the instant Motion to Amend her Complaint to add IFCA claims
11 against Defendant. Dkt. 19.

12 STANDARD OF REVIEW

13     "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).
14 This grant of discretion to permit leave to amend is "to be applied with extreme liberality" as
15 there is a strong presumption in favor of granting leave to amend a complaint. *Eminence Capital,*
16 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). This Court must consider five
17 factors in granting leave to amend a complaint: (1) bad faith, (2) undue delay, (3) prejudice to the
18 opposing party, (4) futility of amendment, and (5) whether the complaint has previously been
19 amended. *See*, *e.g.*, *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).
20     Here, there is no bad faith, undue delay, prejudice to Defendant, or previous amendments.
21 Defendant does not oppose Plaintiff's proposed amendment on substantive grounds but solely on
22 the ground that Plaintiff's IFCA notice was untimely and is therefore, moot. Thus, the only factor
23 at issue is whether Plaintiff's proposed amendment is futile. A court may deny leave to amend

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT - 2

1  "where the amendment would be futile ... or where the amended complaint would be subject to
2  dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment
3  is futile only if no set of facts can be proved under the amendment to the pleadings that would
4  constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209,
5  214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.
6  1937, 173 L.Ed.2d 868 (2009).

DISCUSSION

Washington's IFCA provides that "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs." RCW 48.30.015(1). However, *twenty days prior to filing an IFCA action against an insurer*, "a first party claimant must provide written notice of the basis for the cause of action to the insurer and the office of the insurance commissioner." *Id*. at (8)(a) (emphasis added). Courts have construed IFCA's pre-suit notice provision as mandatory and requiring strict compliance. *See MKB Constructors v. American Zurich Ins. Co.*, 49 F.Supp.3d 814, 840 (W.D. Wash. 2014); *Medina Pub. Util. Dist. No. 1 of Benton Cty.*, 147 Wn.2d 303, 316 (2002) (statutory notice provisions generally require strict compliance except as to the content).

On May 22, 2024, three months prior to seeking leave to amend her Complaint to allege IFCA claims against Defendant, Plaintiff sent an IFCA notice to the Washington State Insurance Commissioner and to Defendant. Dkt. 24, Decl. of Pucel, Ex. F. Defendant does not contend it did not receive Plaintiff's IFCA Notice. *See, e.g.*, *MKB Constructors*, 49 F.Supp.3d at 839-840 (granting ruling on summary judgment that plaintiff fulfilled the RCW 48.30.015(8)(a)

procedural prerequisite for bringing an IFCA claim where plaintiff sent its IFCA Notice more than five months prior to filing its *amended complaint*) (emphasis added).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Amend (Dkt. 19) is **GRANTED**;

2. Plaintiff may file and serve her First Amended Complaint (Dkt. 20, Ex. 1).

3. The Clerk shall send a copy of this Order to all parties.

DATED this 16th day of September, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge